United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL RAY EPPS,

Petitioner,

v.

WARDEN, CORCORAN STATE PRISON,

Respondent.

Case No. 25-cv-08609-EMC

**ORDER TO SHOW CAUSE**

Petitioner Michael Ray Epps, a state prisoner proceeding *pro se*, filed the instant petition for writ of habeas corpus challenging his conviction in Santa Clara County Superior Court. *See* ECF No. 1. The petition is now before the Court for review pursuant to Rule 4 of the Rules Governing § 2254 Cases. For the reasons set forth below, the Court **ORDERS** Respondent to file an answer showing why the petition should not be granted.

## I. BACKGROUND

Petitioner was convicted of first-degree murder in Santa Clara County Superior Court.[1] Prior to Petitioner's trial, his co-defendant, Jovaune Zermeno, entered into plea negotiations with the prosecution, eventually pleading no contest to voluntary manslaughter (Cal. Pen. Code § 192(a)) and an enhancement for personal use of a firearm (Cal. Pen. Code § 12022.5). Petitioner raises several claims related to his argument that, by pleading to the use of a firearm, his codefendant effectively admitted to committing the shooting.

Per documents attached to the petition, Petitioner and his associates were accused of searching for and shooting the victim in this matter based on Petitioner's belief that the victim shot

[1] Unless otherwise noted, all factual allegations in this section are from the petition.

and attempted to rob Petitioner's daughter during a drug deal she was conducting on Petitioner's behalf. *See* ECF No. 1-2 at 2. The prosecution argued that Petitioner was a drug dealer who supplied marijuana for his daughter to sell. *Id.* The prosecution also presented evidence that the victim, who was not the person who shot Petitioner's daughter, was shot by someone in Petitioner's vehicle as the victim attempted to leave a parking lot. *Id.* at 2-3, 37. No firearm was ever recovered, and no witnesses testified that they saw Petitioner shoot the victim.

Petitioner's defense at trial entailed the testimony of five of his family and friends, each of whom testified about his nonviolent character. *See* ECF No. 1-2 at 38. The witnesses were impeached based on their lack of knowledge regarding Petitioner's marijuana trafficking scheme, as well as Petitioner's prior misdemeanor convictions for making criminal threats. *Id.*

## II. LEGAL STANDARD

District courts may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that [the person] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## III. ANALYSIS

The Court discusses each group of Petitioner's claims below.

### A. Claims Related to Inconsistent Theories

#### 1. Prosecutorial Misconduct

Petitioner alleges that various instances of prosecutorial misconduct violated his right to due process and a fair trial; namely, he alleges that the prosecutor (1) knowingly presented false testimony in violation of *Napue v. Illinois*, 358 U.S. 919 (1958), by eliciting testimony from a witness who falsely stated that Petitioner bragged about committing the shooting, and (2) committed misconduct during closing argument and in seeking jury instructions that allowed the jury to convict Petitioner on the theory that he was the shooter despite his codefendants' plea admitting to voluntary manslaughter and the use of a firearm. *See* ECF No. 1 at 3-20. Liberally

construing the allegations, Petitioner states arguable claims of prosecutorial misconduct. *See Tan v. Runnels*, 413 F.3d 1101, 1112 (9th Cir. 2005) (prosecutorial misconduct is cognizable on federal habeas corpus review); *Nguyen v. Lindsey*, 232 F.3d 1236, 1240 (9th Cir. 2000) ("[A] prosecutor's pursuit of fundamentally inconsistent theories in separate trials against separate defendants charged with the same murder can violate due process if the prosecutor knowingly uses false evidence or acts in bad faith.").

**2. Instructional Error**

In conjunction with his prior claim, Petitioner alleges that the trial court erroneously instructed the jury with CALCRIM 521 and CALCRIM 875, which allowed the jury to convict Petitioner on a theory that he was the shooter. *See* ECF No. 1 at 19-29 & 39. CALCRIM No. 521 reportedly instructed that Petitioner was guilty of first degree murder if the prosecution proved that "[Petitioner] murdered by shooting a firearm from a motor vehicle." ECF No. 1 at 7. CALCRIM No. 871 similarly stated that, in order to prove first degree murder, the prosecution must prove that "[t]he defendant did an act with a firearm that by its nature would directly and probably result in the application of force to a person[.]" *Id.* Petitioner argues that these instructions violated his right to due process due to his codefendant's prior plea admitting to the shooting.

To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). Here, although Petitioner does not allege a misstatement of the law in the challenged instructions, he argues that the jury instructions violated due process because they allowed the jury to convict him on an improper theory. Liberally construing the allegations, the Court concludes that Petitioner states an arguable claim of instructional error. *See United States v. Jordan*, 821 Fed. App'x 792, 793-94 (9th Cir. 2020) (considering claim that instructional error regarding alternative theory of guilt violated due process).

**3. Assistance of Counsel**

Petitioner argues that trial counsel rendered ineffective assistance by (1) failing to object to the prosecutorial misconduct described above, and (2) failing to object to the trial court's

instructional error. *See* ECF No. 1 at 20-35. Similarly, Petitioner argues that appellate counsel was ineffective in failing to challenge the use of alternative theories of guilt offered by the prosecution, and instructed by the trial court, allowing the jury to convict him on the theory that he was the shooter. *See id.* at 36-39.

To prevail on a Sixth Amendment ineffectiveness of counsel claim, a petitioner must establish two things: (1) that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), *see also Andrus v. Texas*, 590 U.S. 806, 813-14 (2020) (per curiam). Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694

Liberally construing both claims, the Court concludes that Plaintiff states arguable claims of ineffective assistance of counsel related to their failures to object to or challenge the alleged prosecutorial misconduct and instructional error in this matter. *See Nguyen*, 232 F.3d at 1240; *Jordan*, 821 Fed. App'x at 793-94.

**B. Other Claims of Ineffective Assistance of Trial Counsel**

In addition, Petitioner argues that trial counsel was ineffective in (1) failing to investigate the case prior to trial, (2) failing to file a motion to suppress the seizure of moneys without a warrant, (3) compounding the aforementioned error by arguing that the evidence of Petitioner's accumulation of wealth from his drug dealing activities negated any potential motivation to commit murder; and (4) opening the door to evidence of Petitioner's bad character by putting on a defense that Petitioner had good character. Although the Court questions whether Petitioner can show prejudice from these alleged errors, liberally construing the allegations, Petitioner states arguable claims of ineffective assistance of counsel. *See Strickland*, 466 U.S. at 691 (defense counsel has a duty to make reasonable investigations or to make a reasonable decision that makes a particular investigation unnecessary); *Kimmelman v. Morrison*, 477 U.S. 365, 385 (1986) (holding that counsel was ineffective by failing to file a timely suppression motion); *cf. Gonzalez v. Wong*, 667 F.3d 965, 989-90 (9th Cir. 2011) (noting that concern about defendant's prior

convictions was a valid reason not to introduce character evidence). The claims warrant a response from Respondent.

## IV. CONCLUSION

The Court orders as follows:

1. Epps states arguable claims of prosecutorial misconduct, instructional error, and ineffective assistance of trial and appellate counsel.
2. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and SFAGDocketing@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall also mail a copy of this order to Epps.
3. Within 60 days of the issuance of this order, Respondent is **ORDERED** to file with the Court and serve on Epps an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Epps a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.
4. If Epps wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within 30 days of his receipt of the answer.
5. In lieu of filing an answer, Respondent may instead file a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Epps must serve and file an opposition or statement of non-opposition within 28 days after the motion is served and filed, and Respondent must serve and file a reply to an opposition within 14 days after Epps' opposition is served and filed.
6. Epps is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

7. Epps must also keep the Court and Respondent informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated: September 8, 2026

EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California